**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge LOZANO CASTANEDA,**
**Defendant–Appellant.**

No. 05–30632.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Seattle, WA, for Defendant–Appellant.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Jorge Lozano Castaneda appeals from the district court's order imposing a 30–

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

month sentence following a remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Castaneda contends that the district court clearly erred by denying him a downward adjustment pursuant to U.S.S.G. § 3B1.2 for playing a minor role in the offense. We disagree, and we conclude that, given Castaneda's personal distribution of over ten kilograms of cocaine over the course of several months and his discussion of cocaine quality and quantity with customers, it was not clear error for the district court to conclude that Castaneda failed to meet his burden of proving that he was a minor participant. *See United States v. Cantrell,* 433 F.3d 1269, 1282–83 (9th Cir.2006).

Castaneda also contends that the district court clearly erred by denying him a re-sentencing hearing on remand. The district court, however, was not required to hold such a hearing. *See Ameline,* 409 F.3d at 1085.

In addition, Castaneda contends that the district court failed to make findings regarding its reasons for not providing a sentence below the applicable Sentencing Guidelines range. The record belies this contention.

Finally, Castaneda claims that the district court abused its discretion and imposed an unreasonable sentence when it refused to grant him a departure from the advisory Guidelines based on his family circumstances. We disagree. On remand, the district court considered the factors contained in 18 U.S.C. § 3553(a), including properly calculating the applicable Guidelines range, and issued an order that pro-

vided for a reasonable sentence. *See United States v. Booker,* 543 U.S. 220, 259–63, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Cantrell,* 433 F.3d at 1279.

**AFFIRMED.**